### THOMAS A. EDISON, Inc., v. KIDD.

(Circuit Court of Appeals, Second Circuit. May 8, 1917.)

No. 263.

1. MASTER AND SERVANT ⬅️80(6)—WAGES—PRESUMPTIONS.

That a singer employed by a phonograph company to give entertainments in connection with its phonograph was to be paid only for such weeks as she was booked with its dealers is improbable, and the presumptions are overwhelmingly against the contract of employment having been made on such terms.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 115.]

2. APPEAL AND ERROR ⬅️999(1)—CONCLUSIVENESS OF VERDICT.

When a question of fact as to whether or not a contract of employment was made was properly sent to the jury, their verdict should not be disturbed by the appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3912–3915, 3917–3921.]

In Error to the District Court of the United States for the Southern District of New York.

Action by Mary Carson Kidd against Thomas A. Edison, Incorporated. Judgment for plaintiff (239 Fed. 405), and defendant brings error. Affirmed.

This is a writ of error by the defendant below to review a judgment entered upon the verdict of a jury in favor of the plaintiff for $6,-885.45. The parties will be referred to hereafter as they appeared in the District Court, viz., as plaintiff and defendant.

White & Case, of New York City (James J. Porter and Joseph M. Hartfield, both of New York City, of counsel), for plaintiff.

Everett, Clarke & Benedict, of New York City (Herman S. Hertwig and George M. Clarke, both of New York City, of counsel), for defendant.

Before COXE, WARD, and ROGERS, Circuit Judges.

COXE, Circuit Judge. It appears from the testimony that the defendant in order to sell its machines and records conceived the idea of engaging some of the most popular singers to give entertainments in connection with the Edison phonograph. The artist would first sing and immediately thereafter the same song would be reproduced by the phonograph, giving the audience an opportunity to compare the voice of the phonograph with the voice of the singer. The plaintiff was employed by Verdi E. B. Fuller acting for the Edison Company. He

had acted in the same capacity before and, prior to the engagement of the plaintiff, he was known as general supervisor of the musical division of the Edison Company.

[1] The principal question, as pointed out by Judge Learned Hand, relates to the contract of employment and is one of fact. It is admitted that a contract was made but the dispute is as to the terms thereof. The plaintiff insists that the contract was that the Edison Company should employ her at the rate of $300 per week from October 15th to April 1st and that this amount was to be paid, whether the Edison Company booked her or not. The defendant insists that it agreed to pay her only for those weeks during which she was booked with the dealers. The jury found a verdict for the plaintiff in the full amount demanded, viz., $6,885.45. We think the verdict was fully justified by the proof. It seems highly improbable that a popular singer like the plaintiff would make an agreement which bound her to the defendant for nearly six months with the understanding that she receive nothing for this period unless the Edison agent succeeded in booking her. It is not surprising that the jury thought it most improbable that such a unilateral contract was made. If the defendant's theory of the agreement be sustained the plaintiff was bound hand and foot; she could work for no one but the Edison Company during the term of her contract. Unless that company chose to give her employment she was, so far as appears from this record, without the means of livelihood. Such a contract might be made, it is true, but the presumptions, conceding the sanity of the singer, are overwhelmingly against it.

[2] We think the testimony shows that Fuller was the defendant's agent with authority to make the contract which the plaintiff asserts was made. Whether or not it was made is a question of fact which was properly sent to the jury and their verdict should not be disturbed by this court.

The judgment is affirmed with costs.