**MILLER et al. v. ABLIN.**
No. 148, Docket 21535.

United States Court of Appeals
Second Circuit.

Argued Jan. 12, 1950.

Decided Feb. 1, 1950.

wanted. The only exception now relied on was taken to the denial of that motion.

There was substantial evidence to show prima facie the making of the agreement and its performance by the plaintiffs as alleged in the complaint. Unquestionably there was sufficient evidence to take the case to the jury and the refusal to set aside the verdict was, therefore, not an abuse of discretion reviewable here. Thomas A. Edison, Inc., v. Kidd, 2 Cir., 242 F. 923; New York Cent. & H. R. R. Co. v. Fraloff, 100 U.S. 24, 25 L.Ed. 531.

Affirmed.

Gresser & Walker, New York City (William Gresser, Nathan Walker, New York City, Harold L. Bernstein, New York City, on the brief), for Appellees.

John J. Tullman, New York City, for Appellant.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

PER CURIAM.

The appeal is from a judgment on a verdict for the plaintiffs in a suit brought under the diversity jurisdiction of the court to recover a commission for finding a source from which the defendant could buy a large quantity of steel plates.

The alleged agreement for the commission was oral and the defendant disputed both its terms and its performance as shown by the evidence of the plaintiffs. These issues were submitted to the jury in a charge to which no exceptions were taken and the judgment was entered on the verdict.

The appellant moved to set aside the verdict on the ground that it was against the weight of the evidence for three reasons which together add up to the contention that the plaintiffs did not earn their commission by procuring a source from which the defendant could have purchased the plates he